IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAWN RUSTAD-LINK,<br><br>          Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE")<br><br>          Defendant. | CV 13–111–M–DLC<br><br>ORDER |

On May 12, 2014, United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation, recommending granting Defendant's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment. Plaintiff timely objected to Judge Lynch's findings and recommendation. Defendant is therefore entitled to *de novo* review of this portion of the findings and recommendation. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendation not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235

F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full. Because the parties are familiar with the facts and procedural background, these will only be discussed as necessary to explain the Court's decision.

Plaintiff raises eighteen objections to Judge Lynch's findings and recommendation, but most of these are either general objections or duplicative of other objections. Plaintiff's eighteen objections can be boiled down to three. Plaintiff contends that Judge Lynch erred by (1) applying an abuse of discretion standard in reviewing MetLife's decision to deny coverage, (2) finding that MetLife did not abuse its discretion in denying coverage, and (3) finding certain contested facts immaterial. Each will be addressed in turn.

Plaintiff contends that Judge Lynch erred by applying an abuse of discretion standard of review to MetLife's decision to deny coverage. Plaintiff contends that the Plan's discretionary clause is invalid under Montana law. Plaintiff cites *Standard Insurance Co. v Morrison*, 584 F.3d 837 (9th Cir. 2009) in support of this position.

As Judge Lynch and Judge Molloy have explained, however, *Morrison* does not stand for the broad proposition that discretionary clauses are void under Montana law. Indeed, Plaintiff's quotation of the Ninth Circuit decision makes

this clear: "[T]here is no specific Montana law forbidding discretionary clauses." *Morrison*, 584 F.3d at 840. Plaintiff's contention that the discretionary clause is invalid under Montana law is unavailing. Judge Lynch properly applied an abuse of discretion review to MetLife's decision denying coverage. *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 963-964 (9th Cir. 2006); *L'Heureux v. Hartford Life and Accid. Ins. Co.*, 9:07-cv-00036-DWM (Doc. 26 Order of April 15, 2008). Plaintiff's objection is overruled.

The Court denies Plaintiff's request to certify this question to the Montana Supreme Court. The law on this subject has been settled in this district since 2008, and Plaintiff cites to no intervening law suggesting it is out of sync with Montana law. Certification is not warranted.

Plaintiff contends Judge Lynch erred in finding that Defendant did not abuse its discretion in denying coverage. Plaintiff asserts that coverage should have been provided under the prescribed medication exception to the drug intake coverage exclusion. Plaintiff contends that the general exclusion for medical treatment was improperly relied upon by Defendant.

"ERISA plan administrators abuse their discretion if they render decisions without any explanation, . . . construe provisions of the plan in a way that conflicts with the plain language of the plan, or rely on clearly erroneous findings of fact."

*Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012) (internal quotations and citations omitted).

Here, Defendant denied Plaintiff's claim based on the Plan's exclusion "for any loss caused or contributed to" by "physical or mental illness or infirmity, or the diagnosis or treatment of such illness or infirmity." (Doc. 31-1 at 77.) It is undisputed that "Plaintiff's artery was injured when her doctor accidentally placed a venous catheter in her artery, and accidentally infused prescribed Dopamine into the artery instead of the vein." (Doc. 35 at 3.) It is undisputed that this medical treatment led directly to Plaintiff's amputation. Thus, it is abundantly clear to the Court that the exclusion for medical treatment applies to this set of undisputed facts, and that Defendant did not abuse its discretion in denying coverage.

The Court, furthermore, is not persuaded by Plaintiff's contention that it was unreasonable for the Defendant to determine that the prescribed medication exception to the drug intake coverage exclusion is inapplicable to the undisputed facts. Rather, Defendant's interpretation of the two potentially conflicting Plan provisions is a reasonable one. Under an abuse of discretion standard, Defendant's interpretation will be upheld so long as it is reasonable. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 553 (9th Cir. 1995). Defendant reasonably determined that the drug intake exception is not applicable here, because, as

Defendant argues, Plaintiff's broad interpretation of the drug intake exception would lead to absurd consequences, including preventing application of the medical treatment exclusion any time a patient underwent anesthesia in a surgery. Accordingly, Plaintiff's objection is overruled.

Plaintiff also contends that Judge Lynch erred in deeming certain factual disputes immaterial. Other than immaterial quibbling over the precise time line regarding Plaintiff's admission to the hospital and when Plaintiff developed sepsis, Plaintiff's contention here is in furtherance of her attempt to shoehorn the facts into the medication exception to the drug intake exclusion. Plaintiff's arguments are not persuasive. Judge Lynch rightly regarded these contested facts as immaterial. Defendant denied coverage on the basis of the general medical treatment exclusion. Plaintiff's version of the facts do nothing to refute the fact that Plaintiff's amputation was caused or contributed to by medical treatment; in fact, Plaintiff concedes that medical care caused the loss. (Doc. 35 at 17.) Even if certain facts could potentially provide some support for Plaintiff's argument that the medication exception applies, the inquiry is not into which interpretation is more persuasive, but whether Defendant's interpretation was reasonable. *Winters*, 49 F.3d at 553. Defendant's interpretation is reasonable under the undisputed facts. Thus, the factual disputes are immaterial and Plaintiff's objection is

overruled.

There being no clear error in any of the remaining findings or recommendation,

IT IS ORDERED that Judge Lynch's findings and recommendation are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Doc. 29) is GRANTED and Plaintiff's cross-motion for summary judgment (Doc. 25) is DENIED. The Clerk shall enter judgment in favor of Defendant and against Plaintiff. This case is CLOSED.

DATED this 13th day of August 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court